[No. C016036. Third Dist. Nov. 18, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
JESUS SERRANO SALCEDO et al., Defendants and Appellants.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Background and parts II through IX of the Discussion.

**COUNSEL**

Paul Couenhoven, Andrew Cappelli and Christopher Blake, under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Janis Shank McLean, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

SIMS. J.—After a 10-week jury trial, defendants Jesus Serrano Salcedo (Serrano), Marcos Nava, and Moises Serrano Chavez (Chavez)[1] were each convicted on one count of conspiracy to sell or transport cocaine during the period from January 1, 1986, to November 21, 1991 (count 1; Pen. Code, § 182/Health & Saf. Code, § 11352), and multiple counts charging substantive offenses pursuant to the conspiracy. Codefendant Alejandro Gonzalez was acquitted on all charges. Codefendant Antonio Zaragoza, the alleged "hub" of the conspiracy, obtained a mistrial after the jury hung on all counts.

In addition to count 1, Serrano and Nava were charged and convicted on counts 2-7, all alleging felony sale or transportation of cocaine during 1990 (Health & Saf. Code, § 11352; all subsequent undesignated section references are to this code); count 9 (felony sale or transportation of cocaine on January 18, 1991 [§ 11352]); count 10 (felony possession of 3 pounds or more of cocaine for sale on January 24, 1991 [§§ 11351, 11370.4, former subd. (a)(1)]); count 11 (felony possession of cocaine for sale on May 2, 1991 [§ 11351]); count 12 (felony sale or transportation of cocaine weighing 10 pounds or more on May 17, 1991 [§§ 11352, 11370.4, former subd. (a)(2)]); count 13 (felony possession of 10 pounds or more of cocaine for sale on May 17, 1991 [§§ 11351, 11370.4, former subd. (a)(2)]); count 14 (felony sale or transportation of cocaine on November 7, 1991 [§ 11352]); and count 15 (felony possession for sale of cocaine on November 21, 1991 [§ 11351]). In addition to count 1, Chavez was charged and convicted on counts 9-15; however, the jury found the alleged weight enhancements not true as to him. All defendants obtained a mistrial as to count 8 (felony sale or transportation of three or more pounds of cocaine on January 19, 1991 [§§ 11352, 11370.4, former subd. (a)(1)]).

Both Serrano and Nava were sentenced to a total of 10 years in state prison. For each, the trial court designated count 12 as the base term and imposed the upper term of five years plus five years for the weight enhancement pursuant to section 11370.4, former subdivision (a)(2). The trial court imposed the midterm on counts 1-11, 14, and 15, and the upper term on count 13, all to be served concurrently with count 12. The court stayed the sentences on count 13 pursuant to Penal Code section 654 (§ 654) and also stayed the weight enhancements on counts 10 and 13.

Chavez was sentenced to a total of seven years and eight months in state prison. The trial court designated count 14 as the base term and imposed the

---

[1]For the sake of clarity, we use the family names by which the defendants were most frequently referred to at trial, regardless of whether such usage is technically correct.

midterm of four years. The court imposed sentence of one and one-third years (one-third the midterm) on counts 9 and 12, to run consecutive to count 14, and a sentence of one year (one-third the midterm) on count 15, also consecutive to count 14. The court stayed sentence on count 13 pursuant to section 654.

All defendants were awarded 813 days of custody credits.

On appeal, all defendants contend there was insufficient evidence to convict them on the conspiracy count and most of the substantive offenses charged against them.[2] Defendants Serrano and Nava further contend that the weight enhancements must be stricken on grounds of insufficient evidence and trial court error in instructing the jury. All defendants raise claims of *Wheeler*[3] error and prosecution misconduct. Nava and Chavez claim the trial court erred by refusing to reopen the case during the prosecutor's closing argument in order to allow them to testify. All defendants assert various errors in sentencing and in the calculation of their custody credits. Defendant Chavez challenges the constitutionality of CALJIC No. 2.90.

In an unpublished portion of this opinion we consider and reject defendants' contentions of error except for one error pertaining to sentencing. In this published portion of the opinion, we consider and reject the contention of defendants Serrano and Nava that weight enhancements were improperly imposed on counts 10, 12, and 13.

Except as to the one sentencing error and the recalculation of custody credits, we shall affirm.

## Background*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## Discussion

### I

Defendants Serrano and Nava attack the imposition of weight enhancements on their sentences as to counts 10, 12, and 13, contending that the trial court misinstructed the jury on this issue and that if correctly

---

[2]Serrano and Chavez concede the validity of their convictions on count 14 only. Nava concedes the validity of his conviction on counts 6 and 7 only.

[3]*People* v. *Wheeler* (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748].

*See footnote, *ante*, page 209.

instructed the jury could not have found the enhancements true.[15] No error occurred.

As recounted, defendants Serrano and Nava were convicted in count 1 of conspiracy to sell or transport cocaine. (Pen. Code, § 182.) No weight enhancement was attached to this count.

On count 10, these defendants were convicted of possession for sale of cocaine (§ 11351), with an enhancement under section 11370.4, former subdivision (a)(1) because the substance weighed three pounds or more.

On count 12, these defendants were convicted of sale or transportation of cocaine (§ 11352), with an enhancement under section 11370.4, former subdivision (a)(2) because the substance weighed 10 pounds or more.

On count 13, these defendants were convicted of possession of cocaine for sale (§ 11351), with an enhancement under section 11370.4, former subdivision (a)(2) because the substance weighed 10 pounds or more.

The trial court instructed the jury as to counts 12 and 13 with CALJIC No. 17.22.1 (5th ed. 1992 pocket pt.) as follows (italics added): "Its [*sic*] also alleged in Counts Twelve and Thirteen that, at the time of the commission of the crime of which the defendant is accused, he transported or possessed for sale a substance containing cocaine which exceeded ten pounds by weight. [¶] If you find the defendant guilty of the crime charged in Counts Twelve or Thirteen, you must determine whether this allegation is true. [¶] If you find the defendant guilty of the crime of conspiracy to commit transportation or possession for sale involving a substance containing cocaine which exceeds ten pounds, an essential element of this allegation is that the defendant was substantially involved in the planning, direction, execution or financing *of the conspiracy and its objective*."

The trial court gave a parallel instruction as to the three-pound enhancement charged in connection with count 10.

Defendants contend that, as applied to the substantive offenses charged in counts 10, 12, and 13, the emphasized language from the instruction given is erroneous: in order to impose weight enhancements on these counts under section 11370.4 the jury was required to find not merely that defendants were substantially involved in "the conspiracy and its objective," but also

---

[15]As noted, the five-year enhancement on count 12, the principal term for both defendants, was ordered to run consecutively to the upper term, while the other weight enhancements were stayed or ordered to run concurrently.

that they were substantially involved in "the underlying offense" charged in each count. Furthermore, according to defendants, there was no substantial evidence of their involvement in the offenses charged in these counts since it was not shown that they took part in them or even knew about them; therefore a properly instructed jury would not have found the weight enhancements true.

We shall conclude defendants misread section 11370.4.

Section 11370.4 provided as relevant at the time of the charged offenses: "(a) Any person *convicted* of a violation of, or *of a conspiracy to violate,* Section 11351, 11351.5, or 11352 with respect to a substance containing . . . cocaine . . . shall receive an additional term as follows: [¶] (1) Where the substance exceeds three pounds by weight, the person shall receive an additional term of three years. [¶] (2) Where the substance exceeds 10 pounds by weight, the person shall receive an additional term of five years. . . . [¶] *The conspiracy enhancements provided for in this paragraph* shall not be imposed unless the trier of fact finds that the defendant conspirator was substantially involved in the planning, direction, execution, or financing of the underlying offense."[16] (Stats. 1989, ch. 1326, § 2.5, pp. 5327-5328, italics added.)

The doctrine of conspiracy plays a dual role in our criminal law. First, conspiracy is a substantive offense in itself—"an agreement between two or more persons that they will commit an unlawful object (or achieve a lawful object by unlawful means), and in furtherance of the agreement, have committed one overt act toward the achievement of their objective." (*People* v. *Fujita* (1974) 43 Cal.App.3d 454, 471 [117 Cal.Rptr. 757]; Pen. Code, § 182.) Second, proof of a conspiracy serves to impose criminal liability on all conspirators for crimes committed in furtherance of the conspiracy. Thus, "where several parties conspire or combine together to commit any unlawful act, each is criminally responsible for the acts of his associates or confederates committed in furtherance of any prosecution of the common design for which they combine. In contemplation of law the act of one is the act of all." (*People* v. *Kauffman* (1907) 152 Cal. 331, 334 [92 P. 861].)

This second aspect of conspiracy—which imposes joint liability on conspirators—operates independently of the first aspect, which makes a conspiracy itself a crime. Thus, "It is long and firmly established that an uncharged conspiracy may properly be used to prove criminal liability for acts of a coconspirator. [Citations.] 'Failure to charge conspiracy as a separate offense does not preclude the People from proving that those substantive

---

[16]The statute has since been amended in ways that do not affect our discussion. (Stats. 1992, ch. 680, § 1.)

offenses which are charged were committed in furtherance of a criminal conspiracy [citation]; nor, it follows, does it preclude the giving of jury instructions based on a conspiracy theory [citations].' " (*People* v. *Belmontes* (1988) 45 Cal.3d 744, 788-789 [248 Cal.Rptr. 126, 755 P.2d 310], quoting *People* v. *Remiro* (1979) 89 Cal.App.3d 809, 842 [153 Cal.Rptr. 89, 2 A.L.R.4th 1135].)

◼ Here, defendants were convicted on counts 10, 12 and 13 based upon their joint liability as conspirators. It is apparent section 11370.4 does not require substantial involvement where a defendant is convicted of a substantive offense upon a theory of joint conspirator liability.

Thus, section 11370.4 provided in relevant part: "The conspiracy enhancements *provided for in this paragraph* shall not be imposed unless the trier of fact finds [substantial involvement in the underlying offense]." (Italics added.)

However, the only reference to any conspiracy enhancements found in the preceding part of the statute is in subdivision (a) of section 11370.4, where reference is made to "Any person *convicted of . . . a conspiracy* to violate, Section 11351 . . . or 11352 . . . ." In short, the only conspiracy enhancement identified in the statute is one that applies to the substantive offense of conspiracy. (Pen. Code, § 182.) The statute does not require substantial involvement where a defendant is convicted not of conspiracy but of a substantive offense (enumerated in the statute) based on a theory of joint conspiracy liability. That is what happened here on counts 10, 12 and 13.

This view of section 11370.4 (that substantial involvement in an underlying offense is required only where a weight enhancement is appended to a conviction for conspiracy) finds support in the legislative history of the statute.[17]

Thus, before 1989, the weight enhancements provided for in section 11370.4 did not apply to a defendant convicted of conspiracy to commit a drug offense. (See Stats. 1987, ch. 1174, § 6.5, p. 4157.) This oversight was remedied by enactment of Assembly Bill No. 2448 in 1989 which added "Any person convicted of . . . *a conspiracy to violate* . . ." in subdivision (b) of the statute. (See Stats. 1989, ch. 1245, § 2, p. 4908; Stats 1989, ch. 1326, § 2.5, p. 5327.) The amendment also added the "substantial involvement" language discussed above.

The report of the Senate Judiciary Committee on Assembly Bill No. 2448 describes the purpose of the bill as follows:

---

[17]We grant defendant Serrano's request for judicial notice of various legislative history materials submitted with his reply brief.

"Existing law provides that any person convicted of specified controlled substance offenses, such as possession for sale, or sale of heroin, cocaine or PCP, shall receive a three-year sentence enhancement for each prior felony conviction of specified controlled substance offenses.

"Existing law requires that any person convicted of specified controlled substance offenses, such as sale, possession for sale, or transportation of heroin or cocaine, must receive a 3, 5, 10, or 15-year enhancement when the quantity involved exceeds 3, 10, 25, or 100 pounds, respectively.

"Existing law also provides that any person convicted of specified controlled substance offenses such as sale, possession for sale, or transportation of methamphetamine, amphetamine and PCP must receive a 3, 5, or 10-year enhancement when the quantity involved exceeds 3, 10, or 25 pounds, respectively.

"This bill would apply the above enhancements *where a defendant is convicted of conspiracy to commit the above offenses.* However, the conspiracy enhancements apply only where the defendant was substantially involved in the planning, direction, execution, or financing of the underlying offense.

"The purpose of this bill is to extend sentence enhancements to large narcotic traffickers who do not personally handle the narcotics but who are often prosecuted for conspiracy." (Italics added.)

In short, we conclude section 11370.4 requires a finding of substantial involvement in the underlying offense only where the defendant is convicted of conspiracy and the weight enhancement is appended to the conspiracy conviction.

We note in passing two consequences that follow from this conclusion.

First, since the weight enhancements in this case were not appended to a conspiracy conviction, the trial court should not have given the last paragraph of CALJIC No. 17.22.1, which required the jury to find substantial involvement "in the conspiracy and its objective." Nonetheless, any error redounded to the benefit of defendants, because it required a finding not properly required by the statute. So the error was patently harmless.

Second, in this case, we need not determine whether, as defendants contend, CALJIC No. 17.22.1 improperly requires substantial involvement "in the conspiracy and its objective" rather than in an underlying substantive

offense. Here, as we have noted, the pertinent part of the instruction should not have been given at all.

Defendant Serrano argues in reliance on cases dealing with vicarious liability for aiding and abetting (*People* v. *Walker* (1976) 18 Cal.3d 232 [133 Cal.Rptr. 520, 555 P.2d 306]; *People* v. *Manriquez* (1991) 235 Cal.App.3d 1614 [1 Cal.Rptr.2d 600]; *People* v. *Ross* (1979) 92 Cal.App.3d 391 [154 Cal.Rptr. 783]) that defendants in conspiracy cases should not receive heightened "derivative" punishment, such as weight enhancements, for acts of coconspirators in which they had no direct part.

In *People* v. *Walker, supra,* our Supreme Court was required to construe former Penal Code section 12022.5, which then provided: "Any person who uses a firearm in the commission or attempted commission [of specified offenses receives an enhanced punishment]." (*Walker, supra,* 18 Cal.3d at p. 236, fn. 1.) The issue was whether the statute required personal use of the firearm. The court acknowledged the statute was ambiguous: "As section 12022.5 does not expressly direct its application to particular persons or classes of persons we must otherwise determine the legislative intent." (*Walker, supra,* 18 Cal.3d at p. 240.)

As one aid in construing the statutory ambiguity, the court said, "Generally, if a statute is intended to impose a derivative liability on some person other than the actor, there must be some legislative direction that it is to be applied to persons who do not themselves commit the proscribed act." (*People* v. *Walker, supra,* 18 Cal.3d at pp. 241-242.) The court ultimately concluded personal use of a firearm was required by the statute. (*Ibid.*)

In *People* v. *Manriquez, supra,* 235 Cal.App.3d 1614, the court considered the question of a defendant's presumptive ineligibility for probation under Penal Code section 1203, subdivision (e)(1). As pertinent, that statute makes a defendant presumptively ineligible for probation if, in specified circumstances, the defendant "was armed with a deadly weapon." The *Manriquez* court relied on *Walker*'s general rule, in part, in order to conclude the statute required that a defendant be personally armed. (*Manriquez, supra,* 235 Cal.App.3d at p. 1619.)

In *People* v. *Ross,* 92 Cal.App.3d 391 [154 Cal.Rptr. 783], the court was called upon to construe a murder-by-torture special circumstance. The applicable statute, former Penal Code section 190, specified a term of life without possibility of parole for a defendant "guilty of murder in the first degree which is perpetrated by means of torture with the intent to kill . . . ." (*Ross,* 92 Cal.App.3d at p. 402, fn. 5.) The *Ross* court relied in part on *Walker* to

conclude the statute required that a defendant personally commit the torturous conduct. (*Ross,* 92 Cal.App.3d at p. 403.)

As appears, *Walker, Manriquez* and *Ross* are all cases in which an appellate court was required to divine the meaning of ambiguous statutory language. In each case, the applicable statute left doubt as to whether personal conduct of the defendant was required.

Here, section 11370.4 tenders no ambiguity with respect to whether it applies to derivative liability. The statute plainly and unambiguously applies to those who have been "convicted" of certain offenses. The statute does not hint at distinguishing among theories of conviction. We are simply not at liberty to rewrite the statute to exclude those convicted on theories of derivative liability, such as aiding and abetting or conspiracy. "In the construction of a statute . . . , the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been committed, or to omit what has been inserted. . . ." (Code Civ. Proc., § 1858.)

Put somewhat differently, the unambiguous wording of section 11370.4 constitutes "some legislative direction that [the enhancement] is to be applied to persons who do not themselves commit the proscribed act." (*People v. Walker, supra,* 18 Cal.3d at pp. 241-242.)

Weight enhancements under section 11370.4 were properly imposed on counts 10, 12, and 13.

II-IX*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISPOSITION

The trial court is directed to prepare an amended abstract of judgment showing a stay of defendants' sentences on count 1 and reflecting the correct number of days of credit for time served. As so modified, the judgments are affirmed.

Puglia, P. J., and Sparks, J., concurred.

A petition for a rehearing was denied December 13, 1994, and appellants' petition for review by the Supreme Court was denied February 23, 1995.

---

*See footnote, *ante,* page 209.